IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| HOLLI BARRETT AND § | | |
| RONALD BARRETT § | | |
| § | | |
| V. § | | A-14-CA-919-LY |
| § | | |
| HUMANA INSURANCE COMPANY § | | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

Before the Court are: Defendant Humana Insurance Company's Motion to Dismiss, filed on October 8, 2014 (Dkt. No. 3), and Plaintiffs' Response to Defendant's Motion to Dismiss, filed on October 22, 2014 (Dkt. No. 5). The undersigned submits this Report and Recommendation to the United States District Court pursuant to 28 U.S.C. § 636(b) and Rule 1(h) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

**I.   GENERAL BACKGROUND**

In August of 2013, Plaintiff Holli Barrett obtained an insurance policy with Defendant Humana Insurance Company ("Humana"). In October 2013, Barrett was diagnosed with breast cancer. Humana subsequently denied her medical claims based on what they claim was a preexisting condition. On September 5, 2014, Barrett and her husband Ronald Barrett ("Plaintiffs") filed this lawsuit in the 201st Judicial District of Travis County, Texas, against Humana alleging breach of contract, breach of duty of good faith and fair dealing, violations of the Deceptive Trade Protection Act ("DTPA"), violations of the Texas Insurance Code, and intentional infliction of emotional distress. See Plaintiffs' Original Petition in *Barrett v. Humana Insurance Co.*, No. D-1-GN-14-003384 (201st Dist. Ct., Travis County, Tex. Sept. 5, 2014).

On October 3, 2014, Humana removed this case on the basis of diversity jurisdiction. On October 8, 2014, Humana filed a Rule 12(b)(6) Motion to Dismiss, arguing that Plaintiffs' claims for intentional infliction of emotional distress and punitive damages should be dismissed for failure to state a claim upon which relief can be granted.

## II. STANDARD OF REVIEW

Rule 12(b)(6) allows for dismissal of an action "for failure to state a claim upon which relief can be granted." While a complaint attacked by a Rule 12(b)(6) motion does not need detailed factual allegations in order to avoid dismissal, the plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also, Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007). A plaintiff's obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* The Supreme Court has explained that a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In evaluating a motion to dismiss, the Court must construe the complaint liberally and accept all of the plaintiff's factual allegations in the complaint as true. *See In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2009).

## III. ANALYSIS

**A.    Plaintiffs' IIED Claim**

Humana argues that Plaintiffs' intentional infliction of emotional distress ("IIED") claim should be dismissed for failure to state a claim because Plaintiffs have failed to allege that Humana's conduct in denying the insurance claim was "extreme and outrageous" as a matter of law. The Court agrees.

Plaintiffs' Original Petition alleges that "Defendant's conduct constitutes intentional infliction of emotional distress, which has directly and proximately caused damage to Plaintiffs for which sum Plaintiffs hereby sue Defendant."  Plaintiffs' Original Petition at ¶ 6.4.  To recover for a claim of IIED, a plaintiff must prove that (1) the defendant acted intentionally or recklessly; (2) the defendant's conduct was extreme and outrageous; (3) the defendant's actions caused the plaintiff emotional distress; and (4) the emotional distress suffered by the plaintiff was severe. *See Randall's Food Markets, Inc. v. Johnson*, 891 S.W.2d 640, 644 (Tex. 1995).  Whether the defendant's conduct is sufficiently "extreme and outrageous" is initially a question of law for the court.  *Wornick Co. v. Casas*, 856 S.W.2d 732, 734 (Tex. 1993).  The conduct must go beyond all possible bounds of decency and be regarded as atrocious and utterly intolerable in a civilized community.  *Id.*  Moreover, the plaintiff's emotional distress must be so severe that no reasonable person could be expected to endure it.  *Motsenbocker v. Potts*, 863 S.W.2d 126, 132 (Tex. App.-Dallas 1993, writ denied).  Plaintiffs' IIED claim is precluded under Texas law.

In *Natividad v. Alexsis, Inc.*, 875 S.W.2d 695, 699 (Tex. 1994), an insured brought an IIED claim against her insurer arguing that her insurer's conduct was outrageous because it delayed benefit checks, issued checks on out-of-state banks, gave her the "runaround" when she inquired about payments, lied about lost files and computer malfunctions, and treated her rudely.  *Id.*  The Texas Supreme Court held that these allegations may be tortious and constitute bad faith, but they were not so extreme as to go beyond all possible bounds of decency and thus failed to rise to the level of extreme and outrageous conduct.  *Id.*  The Court explained that:

> Rude behavior does not equate to outrageousness, and behavior is not outrageous simply because it may be tortious. If the conduct involved here can be considered outrageous for the purposes of creating liability for the tort of intentional infliction of emotional distress, then it appears that *any* instance of insurance bad faith will also raise a fact issue on intentional infliction of emotional distress. Courts in other jurisdictions have properly rejected this approach.

*Id.* In reaching this conclusion, the Court cited with approval cases that rejected claims of emotional distress when insurers had denied benefits shortly before surgery, arbitrarily refused to pay a valid claim, terminated benefits to coerce a lump sum settlement, pressured an insured to accept a settlement offer, and threatened premature termination of benefits. *See Id.* at 699-700.

In support of their IIED claim, Plaintiffs simply state that Humana's conduct was extreme and outrageous because "Defendant wrongfully refused to provide coverage for medical treatments that the Plaintiff desperately needed for a potentially life threatening condition." Plaintiffs' Response to Defendant's Motion to Dismiss at p. 3. As explained above, "[a] refusal to pay insurance benefits, even if done arbitrarily or in bad faith, is not alone extreme and outrageous enough to support a claim for intentional infliction of emotional distress." *Bosh v. Dallas General Life Ins. Co.*, 2005 WL 757254, at * 5 (Tex. App.– Hous. [14th Dist.] April 5, 2005). *See also*, *Tarver v. Colonial Life & Accident Ins.*, 294 Fed. App'x 873, 878 (5th Cir. 2008) (holding that plaintiff's IIED claim under Mississippi law failed where allegations simply showed that insurer investigated and denied disability claim). Plaintiffs have failed to allege actions of Humana that constitute extreme and outrageous conduct under Texas law. Accordingly, Plaintiffs' IIED claim fails to state a claim upon which relief can be granted and must be dismissed under Rule 12(b)(6).[1]

**B.     Plaintiffs' Request for Punitive Damages**

Humana argues that Plaintiffs' request for punitive damages should be dismissed because it fails to state the necessary elements of a claim for punitive damages under § 41.001 of the Texas

---

[1] Although the Court need not address it since Plaintiffs' IIED claim fails as a matter of law, it appears that Plaintiffs' IIED claim would also be barred by the economic loss rule. *See Obumseli v. Citimorgage, Inc.*, 2013 WL 3197911, at * 3 (E.D. Tex. June 21, 2013).

Civil Practices and Remedies Code. Under Texas law, punitive damages may be awarded "only if the claimant proves by clear and convincing evidence that the harm . . . results from: (1) fraud; (2) malice; or (3) gross negligence." TEX. CIV. PRAC. & REM.CODE § 41.003(a). The insured must demonstrate that the insurer "'was actually aware that its action would probably result in extraordinary harm not ordinarily associated with breach of contract or bad faith denial of a claim—such as death, grievous physical injury, or financial ruin.'" *Munoz v. State Farm Lloyds of Texas*, 522 F.3d 568, 574 (5th Cir. 2008) (quoting *State Farm Fire & Cas. Co. v. Simmons*, 963 S.W.2d 42, 47 (Tex.1998)).

Plaintiffs' Original Petition seeks punitive damages on the basis that Humana committed gross negligence in denying her claims,[2] alleging:

> Defendant's conduct was done knowingly with the intent to injure and do harm to Plaintiffs. Additionally, Defendant's conduct, when viewed objectively from the standpoint of the Defendant at the time it occurred, involved an extreme degree of risk, considering the probability and magnitude of potential harm to the Plaintiffs. Despite this, Defendant proceeded with conscious indifference to the rights and welfare of Plaintiffs despite Defendant's actual subjective awareness of the risk involved. Accordingly, Plaintiffs are entitled to punitive damages.

Original Petition at ¶ 8.1. While Plaintiffs have a long road ahead of them to actually prove "by clear and convincing evidence" that they are entitled to punitive damages in this case, such as proving their underlying claims, they have alleged sufficient facts to withstand a Rule 12(b)(6) Motion to Dismiss.

---

[2] "Gross negligence" is defined as an act or omission: "(A) which when viewed objectively from the standpoint of the actor at the time of its occurrence involves an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and (B) of which the actor has actual, subjective awareness of the risk involved, but nevertheless proceeds with conscious indifference to the rights, safety, or welfare of others." TEX. CIV. PRAC. & REM.CODE § 41.001(11).

5

Humana also argues that Plaintiffs failed to properly plead the necessary elements for seeking punitive damages against a corporation. "A corporation may be liable in punitive damages for gross negligence only if the corporation itself commits gross negligence." *Mobil Oil Corp. v. Ellender,* 968 S.W.2d 917, 921 (Tex. 1998). Thus, a corporation can only be liable for punitive damages if it: (1) "authorizes or ratifies an agent's gross negligence or if it is grossly negligent in hiring an unfit agent;" or (2) "commits gross negligence through the actions or inactions of a vice principal." *Id.* at 921-22.[3] In determining whether acts are directly attributable to the corporation, the court must "review all the surrounding facts and circumstances to determine whether the corporation itself is grossly negligent." *Id.* at 922. "Whether the corporation's acts can be attributed to the corporation itself, and thereby constitute corporate gross negligence, is determined by reasonable inferences the fact finder can draw from what the corporation did or failed to do and the facts existing at relevant times that contributed to a plaintiff's alleged damages." *Id.*

Plaintiffs allege that Humana was grossly negligent in the denial of her claims. Plaintiffs further allege that Humana clearly authorized the insurance agent's gross negligence in denying the claims in this case since they continue to deny their claims to this day. At this early stage of the case, Plaintiffs have alleged sufficient facts to support their punitive damages' claim and withstand dismissal. Whether Plaintiffs actually establish that Humana ratified or authorized the alleged gross negligence of their agent remains to be seen. Based upon the foregoing, the Court recommends that the District Court deny Defendant's Motion to Dismiss Plaintiffs' claim for punitive damages.

---

[3] A "vice principal" includes (1) corporate officers; (2) those who have authority to employ, direct, and discharge servants of the master; (3) those engaged in the performance of nondelegable or absolute duties of the master; and (4) those to whom the master has confided the management of the whole or a department or a division of the business. *Id.* at 922.

## IV.  RECOMMENDATION

Based upon the foregoing, the Magistrate Court **RECOMMENDS** that the District Court **GRANT IN PART AND DENY IN PART** Defendant Humana Insurance Company's Motion to Dismiss (Dkt. No. 3).  The Court **RECOMMENDS** that the District Court **GRANT** the Motion to Dismiss Plaintiffs' claim for intentional infliction of emotional distress, but **DENY** the Motion to Dismiss Plaintiffs' claim for punitive damages.

## V.  WARNINGS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections.  *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *See* 28 U.S.C. § 636(b)(1)(c); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985);  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is

directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 5th day of December, 2014.

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE